# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

MARTIN J. JONASSEN,

        Plaintiff,

v.

        Civil Action No. 2:12-CV-97-JVB

JOSEPH WIDDUP,

        Defendant.

## OPINION AND ORDER

Martin J. Jonassen, a prisoner, is proceeding pro se solely on a claim for damages against Warden Joseph Widup for failing to protect him from an attack at the Porter County Jail by Jeremiah Tautges, a fellow inmate, on October 29, 2011. Warden Widup filed a motion for summary judgment arguing that he had no personal involvement in this incident and that he had no knowledge that Jonassen was at risk of being attacked. Jonassen was allotted a generous amount of time to prepare his response and this case was stayed and closed for statistical purposes so that he could do so without seeking additional enlargements of time. On September 12, 2013, Jonassen filed a motion asking to lift the stay with what was captioned a "Preliminary Response." (DE 230.) In denying the motion, the Court explained that "it does not appear that Jonassen understands that he only gets one response. If he has more to say, he needs to say it now. Because of this confusion, this case will remain stayed and Jonassen will be afforded additional time to file his final, complete response to the summary judgment motion." (DE 231.) Jonassen has now filed a notice explaining that the inclusion of the word "preliminary" in the caption of his response to the Motion for Summary Judgment was a mistake. He has now attached a copy with the word "preliminary" scribbled out. (DE 234 at 2–13.) The Court accepts

this as an assertion that this filing is his final, complete response to the summary-judgment motion. Therefore the Court will reopen this case, lift the stay, and rule on the summary-judgment motion.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008)

(citations and quotation marks omitted). If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial, summary judgment is proper. *Celotex*, 477 U.S. at 322–23 (explaining that a failure to prove one essential element necessarily renders all other facts immaterial).

In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

Jonassen alleges that Warden Joseph Widup failed to protect him from an attack at the Porter County Jail by Jeremiah Tautges, a fellow inmate, on October 29, 2011. When an inmate is attacked by another inmate, the constitution is violated **only if** "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Attached to the summary-judgment motion is the affidavit of Warden Widup in which he affirms that he "was not present for this incident and prior to this October 28, 2011 incident, I had not been informed of any known requests or complaints by Plaintiff of any concerns he or anyone else had for his safety." (DE 145-1 at 12, ¶ 22.) In response, Jonassen argues that Warden Widup "is responsible for classification, policy/people under his authority." (DE 234 at 5.) However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). He argues that Warden Widup, "knew Tautges had violence problems . . . ." (DE 234 at 6.) Jonassen provides no evidence to support this assertion and mere "speculation or conjecture will not defeat a summary judgment motion." *Johnson v. Doughty*, 433 F.3d 1001, 1012 (7th Cir. 2006) (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)). Nevertheless, even if Warden Widup did know that Tautges had been violent in the past, "[p]risons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

> Some level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

*McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991), *overruled on other grounds by Farmer*, 511 U.S. 825. This is why general requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

4

> Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were.
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Id.* (footnote and citations omitted). So too in this case. Thus, even if Warden Widup had known that Tautges had been violent in the past—which has not been demonstrated here—that would be insufficient to defeat this summary-judgment motion. Jonassen states that after the attack he was placed back in a cell with Tautges (DE 234 at 6), but this is immaterial since he has provided no evidence that Warden Widup was involved in that placement and no evidence of a second attack. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) (fear of an attack that never occurs fails to state a claim.)

In his response, Jonassen states that he includes by reference "DE's 105, 106, 107, 119, Etc." (DE 234 at 2.) In entry 105, he submitted copies of several Porter County Jail medical requests, a request for copies, and a remittance slip from the Kankakee County Jail showing partial payment of a filing fee for another case. Entry 106 was stricken, but the Court has reviewed it anyway to see whether it contains any evidence which could be relevant to the

resolution of this summary-judgment motion. In entry 106, Jonassen discusses numerous other problems that he has had while incarcerated in addition to listing citations to cases analyzing failure to protect claims. What entry 106 does not do is provide any evidence that Warden Widup was personally involved in any way or that he was deliberately indifferent to a substantial risk of serious harm. In entry 107, Jonassen submitted copies of Kankakee County Jail grievances and medical requests. In entry 119, Jonassen discusses his medical records and explains that the case should not be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). None of these filings provides any evidence which could defeat this summary-judgment motion.

In addition to the four filings specifically cited by Jonassen in his response to the motion for summary judgement, the court has also reviewed his other filings in this case, including five that he has labeled as a declaration or affidavit. In entry 120, Brandon Clay, a fellow inmate housed with Jonassen at the Chicago MCC, declares that Jonassen was assigned a top bunk from which he fell and was injured. DE 120 also contains three Kankakee County Jail grievance/medical request forms and an administrative detention order from the Chicago Metropolitan Correctional Center ("MCC"). In entry 127, Riley Carnahan and Mark Rieke, fellow inmates housed with Jonassen at the Chicago MCC, declare that there is contaminated air in the jail and that Jonassen's papers were destroyed by raw sewage. In entry 137, Jonathan Williams-Culver, a fellow inmate housed with Jonassen at the Chicago MCC, declares that guards stole Jonassen's Indian religious headband on April 8, 2013. In entry 138, Joshua Whitaker, a fellow inmate housed with Jonassen at the Chicago MCC, declares that Jonassen was injured after he fell from a top bunk. In entry 127, which was stricken, Michael

6

McCullough, a fellow inmate housed with Jonassen at United States Penitentiary Tucson, signed an affidavit pursuant to 28 U.S.C. § 1746 stating that he assaulted Jonassen on July 7, 2013, due to overcrowding and poor ventilation. None of these documents have any relevance to this case. None presents evidence to indicate that Warden Widup was in any way involved in, or was deliberately indifferent to the risk of, the attack on Jonassen at the Porter County Jail by Jeremiah Tautges on October 29, 2011.

Finally, in his response to the motion for summary judgement, Jonassen asks the Court to enter a scheduling order for further discovery. What he does not do is say that he has had an insufficient opportunity to conduct the discovery necessary to respond to this summary judgement motion. *See* Fed. R. Civ. P. 56(d). Rather, he states that "[t]here is a sufficient amount of evidence to show a genuine dispute upon which a reasonable jury would rule for Plaintiff." (DE 234 at 3.) And he says that the defendant's failure to demonstrate the absence of a factual dispute, "mandat[es] need for depositions, discovery, interrogatories, scheduling order/for establishing facts, etc." (*Id.* at 7.) In addition, in docket entry 119, he argued that he needed additional discovery to demonstrate that he had exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Jonassen had many months during which he could have conducted discovery. Nothing in these fleeting references to additional discovery gives any indication that he wants discovery to obtain evidence to rebut this summary-judgment motion – much less what that discovery would entail. Rather, given how much time he has spent in his filings discussing claims that are not a part of this lawsuit, which arose in other places after he was transferred out of the Porter County Jail, it appears that he is really interested in conducting

discovery about those issues and not this one. This is no basis for additional discovery under Rule 56(d)(2).

## CONCLUSION

For the foregoing reasons, the case is **REOPENED** and the **STAY** is lifted. The Clerk is **DIRECTED** to docket what is currently entry 234, at pages 2 through 13, separately, as Plaintiff's response to the motion for summary judgment. Defendant's motion for summary judgment (DE 144) is **GRANTED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Defendant, Warden Joseph Widup, and against Plaintiff, Martin J. Jonassen

**SO ORDERED** on November 21, 2013.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE